IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-73-BO

| | |
|---|---|
| AARON D. WATSON, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     O R D E R <br> ) |
| KILOLO KIJAKAZI, <br> *Acting Commissioner of Social Security,* <br> Defendant. | ) <br> ) <br> ) <br> ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 21, 24]. A hearing was held on these matters before the undersigned on September 1, 2022, at Edenton, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act and supplemental security income pursuant to Tile XVI of the Social Security Act. Plaintiff protectively filed his application on March 26, 2019, alleging disability beginning February 8, 2018. The alleged onset date was later amended to September 24, 2019.

After initial denials, plaintiff proceeded to a telephonic hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

Case 7:21-cv-00073-BO   Document 29   Filed 09/12/22   Page 2 of 6

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engaged in substantial gainful activity since his alleged onset date and met the insured status requirements through September 30, 2022, at step one, the ALJ found at step two that plaintiff had severe impairments – central nervous system demyelinating disease, suspicious for relapsing multiple sclerosis, anxiety, depression, type II diabetes, hypothyroidism, and obesity – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ made an RFC finding that plaintiff could perform light work with several exertional and non-exertional limitations. The ALJ found at step four that plaintiff could not perform his past relevant work as a cashier and telephone representative. The ALJ found that at step five there were jobs that exist in significant numbers which plaintiff could perform, including assembler, lens inserter, and weight tester. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

The ALJ erred in improperly discounting the opinion evidence of plaintiff's treating neurologist, Dr. Susan Evans. Dr. Evans opined in several letters that plaintiff's multiple sclerosis

3

(MS) precluded plaintiff from work, specifically due to significant fatigue, weakness, and gait impairment. Despite objective medical evidence supporting the diagnosis of MS in the form of MRIs, the ALJ disregarded Dr. Watson's opinion because she found it to be based on subjective complaints rather than clinical findings. The ALJ offered no explanation why she found that plaintiff's symptoms were not the results of the objective findings on plaintiff's MRI.

Under new regulations, an ALJ is not required to give specific weight to a treating source opinion. The ALJ must, however, evaluate and articulate the persuasiveness of a medical opinion by considering several factors, including whether the opinion is supported by the evidence, the length of treatment relationship and relationship with the claimant, and the specialization of the provider. 20 C.F.R. § 404.1520c(c). Here, Dr. Evans is a board-certified neurologist who treats MS and was plaintiff's treating physician. Dr. Evans's opinions were consistent with her treatment notes, the medical evidence in the record, and plaintiff's hearing testimony. It was error for the ALJ to disregard Dr. Evans's opinion.

Moreover, where, as here, the evidence presents a medically determinable impairment which could produce a claimant's symptoms, 20 C.F.R. § 404.1529(b), a social security claimant can rely on subjective evidence to demonstrate that his symptoms were so continuous or severe that they would prevent him from working on a regular and continuing basis. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020) (internal quotations, alterations and citation omitted). As discussed above, plaintiff's hearing testimony is consistent with Dr. Evans's opinion letters. Plaintiff further testified regarding his MS symptoms flare, during which times his symptoms worsen, and that he has both good days and bad days.

4

Finally, while the ALJ relied heavily on plaintiff's MS medication as a factor in determining he could perform work on a full-time, continuous basis, the ALJ failed to address plaintiff's testimony that for three days after his monthly infusions he is "totally wiped out" with "no energy, no motivation at all." Tr. 13. The vocational expert testified that, generally, being absent from work is not tolerated for more than one day per month on a consistent basis.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Here, the Court determines that reversal is appropriate on this record for the reasons outlined above and because remand to reopen the record would serve no purpose. The ALJ erred in her treatment of the opinions of Dr. Evans and further the testimony in the record supports that if plaintiff were to miss more than one day per month of work all work would be precluded. The substantial evidence in the record supports that plaintiff would miss more than one day of work per month due to his symptoms and his medication side effects, thereby precluding all work.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ failed to apply the correct legal standard and the decision is not supported by substantial evidence. Accordingly, plaintiff's motion for

5

judgment on the pleadings [DE 21] is GRANTED and defendant's motion [DE 24] is DENIED. The decision of the Commissioner is REVERSED and the matter is remanded for an award of benefits in accordance with the foregoing.

SO ORDERED, this ___12___ day of September 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 7:21-cv-00073-BO   Document 29   Filed 09/12/22   Page 6 of 6